**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| MOZES DRESDNER, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　　　　Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Mozes Dresdner ("Plaintiff") is a New York resident who brings this action against Defendant Midland Credit Management ("Defendant" or "MCM"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

**PRELIMINARY STATEMENT**

　　1.　　In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

　　2.　　Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over

the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Rockland County, New York.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Upon information and belief, Defendant's principal place of business is located at 350 Camino De La Reina, Suite 300, San Diego, California 92108 with address for service of process in New York at: C/O Corporation Service Company, 80 State Street, Albany, NY, 12207.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

(a) all individuals with addresses in the state of New York;

(b) to whom Defendant sent a collection letter attempting to collect a consumer debt on behalf of Midland Funding LLC;

(c) which threatened to send an account to an attorney for possible litigation if payment was not made by a date within the period outlined in the validation notice;

(d) which was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests

which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20. Some time prior to May 23, 2019, a purported debt was owed to Citibank, N.A. ("Citibank").

21. The purported debt owed to Citibank arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The purported Citibank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. On or about May 23, 2019, Defendant sent a collection letter (the "First Letter") to

Plaintiff regarding the alleged debt. *See* Exhibit A.

25. Plaintiff received the letter and read it.

26. Upon information and belief, the First Letter was the first communication between the Parties regarding the alleged debt.

27. Plaintiff received the First Letter and read it.

28. The First Letter provided Plaintiff with the following Validation Notice:

"Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid. If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment. If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor."

29. On or about June 5, 2019, Defendant sent a second collection letter (the "Second Letter") to Plaintiff regarding the alleged debt. *See* Exhibit B.

30. The Second Letter contained the following on the top righthand corner:



31. The Second Letter further stated: "This letter is to inform you that MCM is considering forwarding this account to an attorney in your state for possible litigation. Please pay us at **Midlandcredit.com** or call **877-654-1129** no later than **6/20/2019**."

32. Plaintiff, as would any least sophisticated consumer, read the above statements and was led to believe that he would be sued if he did not pay the debt or make repayment arrangements by the deadline provided in the First Letter.

33. Pursuant to the FDCPA, any collection activities and communication during the 30-day period must not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

34. By stating that Plaintiff had until June 20, 2019, which is less than 30 days from the date of the initial collection letter, or risk having the account forwarded to an attorney for possible litigation, Defendant shortened Plaintiff's validation period of 30 days from receipt of the letter and overshadowed his rights.

35. Plaintiff was harmed by Defendant's violations of the FDCPA by being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make payment decisions that he may not have had he been provided only truthful information, and by being deprived of having a clear understanding of his rights regarding how to dispute a debt.

36. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

39. The Defendant violated 15 U.S.C. § 1692g by setting a payment deadline prior to the expiration of the 30-day G- Notice period, thereby overshadowing and confusing the consumer as to his Validation Rights under the FDCPA.

40. The Defendant further violated 15 U.S.C. § 1692g by threatening to take legal action for failure to make payment during the Validation Period, thereby overshadowing and confusing the consumer as to his Validation Rights under the FDCPA.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692e, 1692e(2), 1692e(5) and 1692e(10).

44. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive,

or misleading representation or means in connection with the collection of any debt.

45. Defendant violated said section by:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C § 1692e(2);

    b. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    c. Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. § 1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: May 26, 2020                              **COHEN & MIZRAHI LLP**

                                                                  /s/ Joseph H. Mizrahi
                                                                  JOSEPH H. MIZRAHI

                                                  JOSEPH H. MIZRAHI
                                                  JONATHAN B. WEISS (*admission pending*)
                                                  300 Cadman Plaza West, 12th Floor
                                                  Brooklyn, NY 11201
                                                  Telephone: 929/575-4175
                                                  929/575-4195 (fax)
                                                  joseph@cml.legal
                                                  jonathan@cml.legal

                                                  *Attorneys for Plaintiff*